**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

JUN 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MARIA MACHIC LOPEZ DE
SANCHEZ; MAYRI KATHERINE
SANCHEZ-MACHIC,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1412

Agency Nos.
A216-578-164
A216-578-165

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Maria Martha Machic-Lopez de Sanchez and her minor daughter M.S.M.,

natives and citizens of Guatemala, petition for review of the Board of

Immigration Appeals' ("BIA") decision dismissing their appeal from an

---

[*]       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") decision denying Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's determination that Petitioner failed to demonstrate a nexus between the harm she experienced, or fears in Guatemala, and a protected ground. While Petitioner provided evidence that she was robbed several times, including once when she was with M.S.M., she pointed to no evidence compelling the conclusion that those incidents were related to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that an applicant's "desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground"). We therefore deny the petition as to the asylum and withholding of removal claims.[2] *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of his asylum and withholding of removal claims.").

---

[1] Because M.S.M. is a derivative applicant on her mother's application for relief, *see* 8 U.S.C. § 1158(b)(3)(A), and she did not file her own application, we focus on her mother's application in this memorandum disposition. *See Lal v. INS*, 255 F.3d 99, 1001 n.1 (9th Cir. 2001).

[2] We do not consider Petitioner's additional arguments, because the lack of nexus is dispositive and our review is limited to the grounds the BIA relied upon. *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) (stating general rule that courts and agencies are not required to make findings on nondispositive issues); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (explaining that this court's review is limited to the grounds upon which the BIA relied).

2. Regarding Petitioner's application for CAT protection, substantial evidence also supports the IJ's conclusion, adopted by the BIA, that Petitioner failed to show that it is more likely than not that she would be tortured by or with the acquiescence of a public official if returned to Guatemala. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Petitioner's brief attributes the harm she experienced to the "narco-cartel," or "narco-terrorists" and argues that country conditions evidence indicates that the "narco-cartels are acting with [the] consent and acquiescence of government authorities." Petitioner, however, fails to cite any record evidence indicating that she was harmed by the "narco-cartel," and the record indicates that she did not know who the perpetrators were or if they belonged to a gang.

**PETITION DENIED.**